NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re LITE MACHINES CORP.,**
*Petitioner*

---

2025-103

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:18-cv-01411-MBH, Senior Judge Marian Blank Horn.

---

**ON PETITION**

---

Before REYNA, LINN, and STOLL, *Circuit Judges*.

REYNA, *Circuit Judge*.

**O R D E R**

Lite Machines Corp. ("Lite") petitions for a writ of mandamus directing the United States Court of Federal Claims to enter a scheduling order and to decide pending motions. The United States opposes the petition.

Lite and its owners, Paul and David Arlton, are involved in litigation with the federal government and its contractor on multiple fronts, including a patent infringement action in federal district court (currently on appeal before this court) and the present action in the Court of Federal Claims alleging, among other things, breach of

contract. In May 2019, the Court of Federal Claims granted the government's motion to dismiss two of Lite's breach-of-contract counts. In June 2019, Lite filed a motion for reconsideration, which remains outstanding.

What followed was a lengthy delay that the government attributes to the COVID-19 pandemic and complications based on the sensitive nature of the litigation and Lite amending its complaint multiple times (the latest in January 2022) to add the Arltons as plaintiffs and new allegations and counts of patent infringement and correction of inventorship. In April 2022, the government moved to dismiss Lite's latest amended complaint. In September 2022, the court held a hearing on that motion after which it requested supplemental briefing. The Court of Federal Claims held a status conference in March 2024, after which it requested additional briefing on the relationship between the reconsideration motion and Lite's third amended complaint as well as the relationship between that complaint's infringement claim and the district court litigation. That briefing was completed in July 2024.

With its motion for reconsideration and the government's motion to dismiss still pending, Lite now petitions this court for a writ of mandamus. Such relief is "reserved for extraordinary situations," *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988), where, inter alia, the right to relief is clear and indisputable, *Cheney v. U.S. Dist. Ct. for D.C.,* 542 U.S. 367, 380–81 (2004). We are not prepared presently to say mandamus is appropriate, as the case is moving forward and the motions are pending in part due to confusion about what remains for resolution based on the overlap of Lite's subsequent complaints and filings. However, now that the parties appear to have clarified such issues, we expect that the trial court will act expeditiously to resolve these longstanding motions and note that unreasonable future delay might tip the balance in favor of relief upon reapplication.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

December 10, 2024             Jarrett B. Perlow
        Date                   Clerk of Court

cc:  United States Court of Federal Claims